IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVIO OTIS TUGWELL,<br><br>    Movant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____/ | No. CR 98-40067 SBA<br><br>**ORDER** |

Currently before the Court is Defendant's letter requesting that the Court waive the $17,500 fine imposed as part of his sentence in 1998 [Docket No. 126].

**BACKGROUND**

On July 31, 1998, Defendant Pavio Otis Tugwell ("Defendant") was found guilty by jury verdict of Count One of the one-count Indictment in the above captioned matter, charging him with violation of 18 U.S.C. § 922(g)(1)--Felon in Possession of Firearm and Ammunition. On October 20, 1998, the defendant was sentenced to 262 months in custody; a three year period of supervised release; a $17,500.00 fine; and a special assessment of $50.00. He was also ordered to comply with the standard conditions that have been adopted by this Court and certain special conditions. The sentencing judgment was entered on October 23, 1998 [Docket No. 99].

On January 10, 2006, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, pro se [Docket No. 123]. Defendant moved to set aside the judgment on

the grounds that the sentence violated his constitutional rights as defined in the holdings of *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Blakely*, 542 U.S. 296 (2004). On February 16, 2006, the Court denied the motion [Docket No. 125].

On April 4, 2007, the Court received a letter from Defendant requesting that the Court waive the $17,500 fine because "he has recently undergone prostrate radiation treatment and major spine surgery," and requires "basic soft foods" like soup and fiber to recover. According to Defendant, Defendant's case manager has informed him that Bureau of Prisons Program Statement 5380.07 relating to the Inmate Financial Responsibility Program empowers prison officials to take up to half of the money Defendant's family sends from the outside. While Defendant does not explicitly state that prison officials actually take half of such money, Defendant states that he is "not left with enough money to purchase the basic soft foods like soups that he need [sic] during his recovery to survive."

## **LEGAL STANDARD**

As an initial matter, Defendant has not submitted anything resembling a proper motion and therefore it does not appear that any action by the Court is necessary; however, given his *pro se* prisoner status, the Court will examine his request on the merits.

Defendant does not offer any legal basis for this request. While Federal Rule of Criminal Procedure 35(c) empowers a sentencing court to correct a sentence that was "imposed as a result of arithmetical, technical, or other clear error," Rule 35(c) limits the court's action to the seven days following the imposition of the sentence. Fed. R. Crim. P. 35(c). Moreover, Rule 35(c) was intended to be applied very narrowly and to extend "only to those cases in which an obvious error or mistake has occurred in the sentence." Fed. R. Crim. P. 35(c) advisory committee notes. "[U]nder Rule 35(c), the district court may not simply change its mind." *United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999).

## **DISCUSSION**

Defendant apparently argues that if the fine is not waived, he will be unable to purchase the food he requires to survive. Defendant offers no evidence for this conclusion. Presumably, prison health officials are aware of Defendant's medical condition and have the discretion -- and responsibility -- to

provide him with the food he needs to survive. Absent any legal authority for his request or evidence that he is in fact being denied necessary nourishment, there are no grounds to grant this request.

## **CONCLUSION**

Accordingly, Defendant's request to waive the fine is DENIED.

IT IS SO ORDERED.

Dated: 6/19/07

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>                  Plaintiff,<br><br>  v.<br><br>TUGWELL,<br><br>                  Defendant._____/ | Case Number: CR98-40067 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 20, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


**Pavio Otis Tugwell** (1)
USP - Lompoc
#27311-044
3901 Klein Blvd.
Lompoc, CA 93436


Dated: June 20, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk